UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAMUEL ELON JOHNSON,

       Petitioner,                         Case No. 1:22-cv-10819

v.                                          Honorable Thomas L. Ludington
                                             United States District Judge
GEORGE STEPHENSON,

       Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

In April 2022, Petitioner Samuel Elon Johnson, an inmate at the Macomb Correctional Facility in New Haven, Michigan, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

In his *pro se* petition, Petitioner challenges his sentence for two counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(b), one count of second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(1)(b), and being a second felony habitual offender, MICH. COMP. LAWS § 769.10. Petitioner was sentenced to life imprisonment for the first-degree criminal sexual conduct and 15 to 22.5 years for the second-degree criminal sexual conduct.

Petitioner argues that Offense Variables 2 and 5 and Prior Record Variable 7 of the Michigan Sentencing Guidelines were incorrectly scored. He also argues that trial counsel was ineffective for failing to object to the scoring of the Michigan Sentencing Guidelines, and that appellate counsel was ineffective for failing to raise the Guidelines claim on Petitioner's appeal of right. For the reasons stated hereafter, the petition will be summarily dismissed.

I.

Petitioner was convicted after a jury trial in the Alpena County Circuit Court. He was sentenced to life in prison for first-degree criminal sexual conduct and 15 to 22.5 years for second-degree criminal sexual conduct.

After his conviction as was affirmed on appeal, *see People v. Johnson*, No. 221042, 2001 WL 1231851 (Mich. Ct. App. Oct. 16, 2001), Petitioner filed a postconviction motion for relief from judgment, which raised the claims that he raises now. The trial judge denied the motion. *People v. Johnson*, No. 98-005143-FC, 98-005144-FC, 98-005145-FC (Alpena Cnty. Cir. Ct., July 10, 2020); ECF No. 1 at PageID.31–35. And the Michigan appellate courts denied Petitioner leave to appeal. *People v. Johnson*, 966 N.W.2d 365 (Mich. 2021), *reconsideration denied*, 969 N.W.2d 20 (Mich. 2022).

Petitioner seeks a writ of habeas corpus on the following grounds:

> I. Defendant was denied his state and federal right to due process where [the] trial court improperly assessed defendant's PRV and OV scores by the incorrect scoring of the prosecutor, causing defendant's sentence to be based on inaccurate information, therefore, he should be entitled to resentencing, trial counsel and appellate counsel were ineffective for failing to investigate defendant's scores and prior history of his PSI which caused an improper interpretation and application of the statutory sentencing guidelines to occur.

ECF No. 1 at PageID.8.

II.

A federal district court may summarily dismiss a habeas petition if it plainly appears from its face or its exhibits that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit held long ago that it "disapprove[s] the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the

petition." *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970). A district court, therefore, has the duty to screen out any habeas petition that lacks merit on its face. *Id.* at 141.

After undertaking the review required by Rule 4, this Court concludes that Petitioner's sentencing claim does not entitle him to habeas relief, such that the petition must be summarily dismissed. *See McIntosh v. Booker*, 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004). Petitioner's claim of ineffective assistance of counsel is also meritless, such that the petition must be summarily dismissed. *See Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993) (affirming the summary dismissal of a claim of ineffective assistance of counsel raised in a § 2255 motion to vacate under Rule 4 because there was no merit to the claim).

### III.

### A.

Petitioner first alleges that Offense Variables (OV) 2 and 5 of the Michigan Sentencing Guidelines were incorrectly scored. Petitioner also argues that the trial court improperly assessed points against him under Prior Record Variable (PRV) 7 of the Michigan Sentencing Guidelines.

Petitioner's claims that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007) (unpublished); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (unpublished); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016). Petitioner had "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). "[I]n short, petitioner had no federal constitutional right to be sentenced within

Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Consequently, any error by the trial court in calculating his guideline score would not merit habeas relief. *Id.*

**B.**

Petitioner also argues that trial counsel was ineffective for failing to object to the scoring of the Michigan Sentencing Guidelines, and that appellate counsel was ineffective for failing to raise a sentencing-guidelines claim on his appeal of right.

To show that he was denied the effective assistance of counsel under the Sixth Amendment, Petitioner must show (1) that, considering all the circumstances, counsel's performance was so deficient that she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that such performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To demonstrate prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The *Strickland* standard also applies to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005).

A right to the effective assistance of counsel exists during sentencing in noncapital and capital cases. *See Lafler v. Cooper*, 566 U.S. 156, 165 (2012). Although sentencing does not involve a criminal defendant's guilt or innocence, "ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Id.* (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)).

Petitioner challenged the scoring of his sentencing guidelines in his postconviction motion for relief from judgment. The sentencing judge denied the claim, finding that Petitioner had not shown cause or prejudice for not raising his sentencing-guidelines claim on his appeal of right. *People v. Johnson,* No. 98-005143-FC, 98-005144-FC, 98-005145-FC, *4 (Alpena Cnty. Cir. Ct., July 10, 2020); ECF No. 1 at PageID.34. The Michigan appellate courts later denied leave to appeal.

For purposes of establishing actual prejudice to obtain postconviction relief from a sentence, a defendant must show that the sentence was invalid. *See* M.C.R. 6.508(D)(3)(b)(iv). The judge's conclusion that Petitioner failed to show that he was actually prejudiced by his appellate counsel's failure to raise his sentencing-guidelines claim on appeal, so as to entitle him to postconviction relief, was tantamount to a finding that the sentence was valid because the sentencing guidelines had been correctly scored. Because this Court "cannot logically grant the writ based on ineffective assistance of counsel without determining that the state court erred in its interpretation of its own law," Petitioner's claim of ineffective assistance of trial counsel must be rejected. *See Davis v. Straub*, 430 F.3d 281, 291 (6th Cir. 2005).

Similarly, Petitioner has not shown that he was prejudiced by his trial counsel's or appellate counsel's failure to challenge the scoring of his sentencing guidelines. *See, e.g.*, *Coleman v. Curtin*, 425 F. App'x 483, 485 (6th Cir. 2011) (unpublished). If "one is left with pure speculation on whether the outcome of . . . the penalty phase could have been any different," then there has been an insufficient showing of prejudice. *Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004). Simply put, Petitioner does not explain why the trial court would have been inclined to impose a lesser sentence or why the Michigan appellate courts would have been inclined to reverse. Therefore, he

is not entitled to habeas relief. *See Spencer v. Booker*, 254 F. App'x 520, 525–26 (6th Cir. 2007) (unpublished).

## IV.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. *Phillips v. Pollard*, No. 1:20-CV-13326, 2021 WL 5234507, at *5 (E.D. Mich. Nov. 10, 2021) (first citing 28 U.S.C. § 2253(c)(1)(a); and then citing Fed. R. App. P. 22(b)).

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000). When a court rejects a habeas claim on the merits, the substantial-showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); *see also Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003) ("A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.").

Applying that standard, a district court may not review the full merits and must "limit its examination to a threshold inquiry into the underlying merit of [the petitioner's] claims." *Miller-El*, 537 U.S. at 336–37. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue if the petitioner demonstrates "that jurists of reason would find it debatable" not only whether the petition states a valid claim of the denial of a constitutional right" but also "whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Petitioner has not made a substantial showing of the denial of a constitutional right. For that reason, a certificate of appealability will not issue. *Williams v. McCullick*, No. 1:19-CV-10416, 2021 WL 5827010, at *6 (E.D. Mich. Dec. 8, 2021).

Additionally, Petitioner could not appeal this decision in good faith because his arguments have no merit. *See* FED. R. APP. P. 24(a); *Royster v. Warden*, No. 17-3205, 2017 WL 8218911, at *2 (6th Cir. Sept. 29, 2017). Consequently, Petitioner may not appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

## V.

Accordingly, it is **ORDERED** that the Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED**.

Further, it is **ORDERED** that a certificate of appealability is **DENIED**.

Further, it is **ORDERED** that leave to appeal *in forma pauperis* is **DENIED**.

Dated: April 27, 2022                                          s/Thomas L. Ludington
                                                               THOMAS L. LUDINGTON
                                                               United States District Judge